UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Teklia Ghebrendrias, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FCA US LLC,<br><br>    Defendant. | Case No. 2:21-cv-06492-VAP-(PDx)<br><br>**Order DENYING<br>Motion to Remand (Dkt. 9)** |

    Before the Court is a Motion to Remand ("Motion") filed by Plaintiffs Teklia Ghebrendrias and Sarah Ghebrendrias ("Plaintiffs") on September 10, 2021.  (Dkt. 9).  Defendant FCA US LLC ("Defendant") filed its Opposition on October 8, 2021 (Dkt. 10), and Plaintiffs filed their Reply on October 18, 2021 (Dkt. 11).  The Court finds this matter appropriate for resolution without oral argument pursuant to Local Rule 7-15.  After considering all papers filed in support of, and in opposition to, the Motion, the Court **DENIES** Plaintiffs' Motion.

## I.  BACKGROUND

    Plaintiffs filed this action in the Los Angeles Superior Court on July 7, 2021, asserting six claims under California's Song-Beverly Consumer Warranty Act ("Song Beverly Act" or "Act") relating to their purchase of a 2014 Dodge Challenger (the "Vehicle").  (*See* Dkt. 1-2, "Complaint").

Defendant removed the action to this Court on August 11, 2021 based on diversity jurisdiction. (Dkt. 1, "Notice of Removal"). Defendant contends that complete diversity of citizenship exists between Plaintiffs and Defendant and that the amount in controversy as to Plaintiffs' individual claims exceeds $75,000. (*Id.* ¶¶ 3-4). Accordingly, Plaintiffs filed this Motion, challenging Defendant's allegations as to complete diversity and the amount in controversy. (*See* Dkt. 9).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which the federal courts could exercise their original jurisdiction. A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332. "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first

instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). A defendant "always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

Plaintiffs advance three grounds for remanding this lawsuit to state court. First, Plaintiffs argue that the amount in controversy does not meet the necessary threshold of $75,000, making diversity jurisdiction improper. (Dkt. 9 at 5). Second, Plaintiffs contend Defendant failed to establish that diversity of citizenship exists between the parties. (*Id.*) And third, Plaintiffs argue that comity principles favor remand. (*Id.*) The Court will address each of these grounds in turn.

#### A. Amount in Controversy

A defendant who removes an action to federal court bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*per curiam*) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court") (footnotes omitted).

Here, although Plaintiffs' Complaint alleges only that "[t]he amount in controversy is greater than $25,000," (Dkt. 1-2, ¶ 4), Defendant met its burden of showing that the jurisdictional minimum is satisfied.

### 1. Actual Damages

Actual damages under the Song-Beverly Act are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). The reduction is based on the number of miles the buyer has driven prior to the first attempted repair (often called the "use offset"). *Id.* To determine the amount directly attributable to the buyer's use of the vehicle, the manufacturer multiplies the price of the vehicle the buyer paid or will pay by a fraction, the denominator of which is 120,000, and the numerator the number of miles the buyer drove the car before the first relevant repair. *Id.* This calculation provides the actual damages that Plaintiffs suffered.

The purchase agreement for the Vehicle here lists a total purchase price of $37,171.00. (*See* Dkt. 1-2). The Court adopts Plaintiffs' reduction in value of $6,399.20. (Dkt. 9 at 6) ("$6,399.20 calculated as follows: (23,998-16)/120,000 x $32,020.02 (the cash price of the vehicle)). Accordingly, the Court estimates the amount of restitution available pursuant to the Song-Beverly Act to be $37,171.00 minus the mileage offset of $6,399.20, or $30,771.80.[1]

---

[1] Although Defendant argues that the Court should consider the contract's entire value, without offset, (Dkt. 10 at 5), the Court need not address the merits of this argument because, for the reasons set forth below, the amount

4

### 2. Civil Penalty

If a court determines that a defendant's failure to comply with the terms of the Act is willful, a successful plaintiff is entitled to recover civil penalties of up to twice the amount of the actual damages. Cal. Civ. Code §§ 1794 (c).

Here, Plaintiffs allege that FCA's failure to comply with its obligations under the Song-Beverly Act was "willful, in that Defendant and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation." (Dkt. 1-2, ¶ 23); *see also Park v. Jaguar Land Rover N. Am., LLC*, No. 20-CV-00242-BAS-MSB, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020) ("Plaintiff's own allegations support the conclusion that the maximum amount of civil penalties is properly included in the amount in controversy determination"). As the amount of actual damages available as restitution is $30,771.80, the maximum available civil penalty is twice that amount, or $61,543.60. Accordingly, the sum of the restitution and civil penalty amounts in controversy is $92,315.40.

The Court therefore finds that the $75,000 jurisdictional requirement is satisfied.

//
//

---

in controversy is satisfied even taking the $6,399.20 offset into consideration.

### B. Diversity of Citizenship

Plaintiffs next argue that Defendant "failed to establish that diversity of citizenship is present" because it failed to show that Plaintiffs are citizens of California.[2] (Dkt. 9 at 9). According to Plaintiffs, Defendant relies only on the purchase agreement from seven years ago and thus Defendant "improperly assumes that Plaintiffs still reside at the same address." (*Id.*). Plaintiffs' arguments are unavailing.

The Supreme Court held that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "Individuals are citizens of their state of domicile." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (1981); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A corporation is a "citizen" of both the state in which it was incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). Courts in this district have held that a party may rely upon an address listed in a purchase agreement to meet its burden of establishing citizenship. *See El-Said v. BMW of N. Am.,* LLC, No. 819CV02426JLSJDE, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020) (hereinafter *"El-Said"*) ("The sales contract lists a San Bernardino County address for Plaintiffs, showing that he is a resident of California, and thereby indicating that

---

[2] Defendant asserts—and Plaintiff does not challenge—that Defendant and its members are incorporated under the laws of Delaware and the Netherlands and has its principal place of business in Auburn Hills, Michigan. (Dkt. 1; Dkt. 9).

6

Plaintiff is domiciled in California, and thus a citizen of California...In his Motion Plaintiff does not dispute that he is a California domiciliary and citizen").

Here, Plaintiffs' address in the purchase agreement for the Vehicle is in Fresno County, California, support that Plaintiffs are residents of California. See *El-Said*, 2020 WL 1187171, at *3; (Dkt. 1-6, Exhibit 2). Defendants also point to a July 14, 2021 repair order which lists an address in Pasadena, California as further support that Plaintiffs are citizens of California. (Dkt. 10-1, Exhibit A). This repair order is dated only seven days after Plaintiff filed his Complaint in state court, and only four weeks prior to Defendant removing this matter to federal court. (Dkt. 10 at 5). Finally, Plaintiffs do not deny that they are citizens of California. See *El-Said*, 2020 WL 1187171, at *3 ("Plaintiff does not dispute that he is a California domiciliary and citizen"). Accordingly, Defendant has met its burden of establishing that Plaintiffs are domiciled in California and thus are citizens of California.

The Court therefore finds that complete diversity exists between Plaintiffs and Defendants.

**C. Comity Principles**

Plaintiffs also argue that, as California state court is the appropriate venue for this case, the Court should decline to exercise jurisdiction in accordance with principles of comity. (Dkt. 9 at 10). Federal courts, however, have a "virtually unflagging obligation … to exercise the

7

jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). As in other similar cases, the Court rejects Plaintiffs' comity principles argument because "the diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims." *See BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2009). The Court thus follows the rationale of other courts in this district that have considered this same argument and rejected it. *See Gonzalez v. FCA US LLC*, No. EDCV19967-PSG-RAOx, 2020 WL 1444941, at *3 (C.D. Cal. Mar. 24, 2020); *Petropolous v. FCA US LLC*, No. 17-CV-0398-W-KSCx, 2017 WL 2889303, at *6 (S.D. Cal. July 7, 2017); *Grossman v. FCA US LLC*, No. 17-CV-2048-DMG-JPRx, 2017 WL 10581093, at *3 (C.D. Cal. May 25, 2017).

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Remand this action to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

Dated: 10/28/21

Virginia A. Phillips
United States District Judge